The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. Upon reconsideration of the evidence, the undersigned are of the opinion that the Deputy Commissioner erred in his findings that plaintiff's claim for compensation should be denied. Accordingly, the Opinion and Award of November 14, 1994, is HEREBY REVERSED, and the undersigned proceed to make their own Findings of Fact, Conclusions of Law, and ultimate Award.
The Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. National Union Fire Insurance Company was the compensation carrier on the risk.
4. The medical records of Central Carolina Hospital and Charles Beemer, M.D., are stipulated into evidence, along with the transcript of plaintiff's recorded statement, defendant-employer's Accident and Investigation Report, the transcript and cassette tape containing the recorded statement of Mr. Curtis Smith, and the November 3, 1993 claim note reflecting Tammy Parece's conversation with plaintiff and the American International Health and Rehabilitation Services reports of October 25, 1993 and November 4, 1993, including the medical note of Dr. Beemer to Mike McVay, dated October 26, 1993.
5. Plaintiff's average weekly wage at the time of her October 5, 1993 injury was $323.29, yielding a compensation rate of $215.50.
6. Industrial Commission Form 25R and the medical records concerning plaintiff from Dr. Beemer dated May 24, 1994 and July 26, 1994 are stipulated into evidence.
* * * * * * * * * * *
Based upon the competent and convincing evidence adduced at the initial hearing, the undersigned make the following additional
FINDINGS OF FACT
1. On October 5, 1993, plaintiff was employed by defendant-employer, Sanford Finishing Division. On the morning of that date, plaintiff was working on a machine cutting and printing materials for making mailbags. Between 10:00 a.m. and 10:30 a.m., plaintiff was standing between a bar that holds the machine up and a conveyor belt which moves the material away from the machine.
2. At that time, plaintiff was changing positions with a co-employee, whom she was relieving. Plaintiff put her left leg across the bar, and in trying to cross the bar, her right foot became tangled in the conveyor belt. This caused her to fall to the floor, breaking her leg with a loud "pop" or "snap."
3. Curtis Smith, a fellow employee, was working on the same machine about two feet from plaintiff and witnessed the accident. As the only eyewitness, he came forward and told plaintiff what he had observed some time after the date of the accident.
4. Plaintiff was treated by Dr. Charles Beemer at Central Carolina Hospital. He diagnosed plaintiff's injury as a Y condylar fracture of the left distal femur. She was hospitalized from October 5, 1993, until October 13, 1993.
5. On October 6, 1993, plaintiff underwent an open reduction and internal fixation of the fracture of the left distal femur with bone grafting carried out by Dr. Beemer.
6. About 12 years ago, plaintiff sustained a fracture of the left leg just below the hip. The fracture healed with no permanent partial disability, and Dr. Beemer did not feel that the prior fracture had anything to do with her injury of October 5, 1993.
7. At the time of the initial hearing, plaintiff continued under the care of Dr. Beemer. Plaintiff had not reached maximum medical improvement and was unable to engage in gainful employment.
8. Plaintiff has now reached maximum medical improvement and retains a ten percent permanent partial disability to her left leg as per her rating from Dr. Beemer on August 9, 1994, which was stipulated into evidence by the parties.
9. Plaintiff's testimony as to the manner in which her injury occurred is accepted as credible and convincing. Plaintiff did sufficiently prove that her October 5, 1993, injury resulted from an interruption of her normal work routine by the introduction of unusual conditions likely to result in unexpected consequences.
* * * * * * * * * * *
The foregoing stipulations and findings of fact engender the following:
CONCLUSIONS OF LAW
1. On October 5, 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. G.S. 97-2(6). Plaintiff's injury resulted from a fall which constituted an interruption of her normal work routine. Further, plaintiff was in the process of relieving a co-employee and was not even performing her regular job at the time of her injury. Gunter v. Dayco Corp., 317 N.C. 670,346 S.E.2d 395 (1986).
2. As a result of the compensable accident, plaintiff was totally disabled from the time of the accident and until the time of the initial hearing before the Deputy Commissioner on March 15, 1994, at which time plaintiff had not reached maximum medical improvement.
3. The parties stipulated and agreed that at such time as plaintiff reached maximum medical improvement, Dr. Charles Beemer would certify the amount, if any, of permanent partial disability of plaintiff's left leg. By Form 25R of August 9, 1994, plaintiff has reached maximum medical improvement and is entitled to a permanent partial disability rating of ten percent to the left leg should she choose to elect this remedy and enter into a Form 26 agreement which would then be submitted for Industrial Commission approval.
* * * * * * * * * * *
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the undersigned enter the following
AWARD
1. Plaintiff's claim for workers' compensation benefits is HEREBY ALLOWED.
2. Defendants shall pay plaintiff, on account of her temporary total disability compensation at the rate of $215.50 per week from October 5, 1993, until August 9, 1994. Such compensation as has accrued shall be paid in a lump sum, subject to a reasonable attorney's fee in the amount of twenty-five percent (25%) of such recovery which shall be deducted therefrom and paid directly to plaintiff's counsel. As evidence to plaintiff's capacity to earn wages following maximum medical improvement is not in the record or before the Full Commission at this time, the undersigned are unable to address any election or award of benefits following that period of time. Such election of benefits may be addressed by submission of a Form 26 agreement for approval of the Commission or by further hearing before a Deputy Commissioner regarding possible continuing temporary total disability.
3. Defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the injuries sustained on October 5, 1993, when bills for the same have been submitted through the carrier and approved by the Industrial Commission.
4. Each side shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the __________ day of ________________________, 1995.
 S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _________________________ J. RANDOLPH WARD COMMISSIONER
S/ _________________________ COY M. VANCE COMMISSIONER
JHB/nwm 04/12/95